UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHAEL J. HARGRAVE**                                               CIVIL ACTION

**versus**                                                            No. 07-985

**BLAKE DRILLING & WORKOVER, CO., INC.,** *et al.*                    SECTION: I/2

ORDER AND REASONS

Before the Court is defendant's, Blake Offshore L.L.C.'s, motion for summary judgment. For the following reasons, defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

*BACKGROUND*

Blake Offshore L.L.C., ("Blake") is the owner of an offshore jack-up oil rig (the "rig" or "Blake's rig"). On or about January 20, 2007, pursuant to a contract between Blake and Oilfield Instrumentation, U.S.A., Inc., ("OI"),[1] plaintiff, Michael J. Hargrave ("Hargrave"), arrived at Blake's rig in order to perform maintenance work on the rig's gas detectors.[2] On or about January 21, 2007, while in the performance of his duties on Blake's rig, Hargrave allegedly slipped on a set of metal stairs and sustained injuries.[3]

On February 14, 2007, Hargrave filed the above-captioned

---

[1] OI was Hargrave's employer at the time of Hargrave's alleged accident.

[2] Rec. Doc. No. 49, p. 2; *see also* Rec. Doc. No. 45-4, p. 2.

[3] Rec. Doc. No. 1, p. 2, para. V.

lawsuit alleging that Blake is liable for Hargrave's injuries because Blake negligently maintained the stairs on which Hargrave claims that he fell.[4]  On January 8, 2008, Blake filed this motion arguing that there are no genuine issues of material fact concerning Blake's liability and, as such, Blake is entitled to judgment as a matter of law.[5]

## *LAW AND ANALYASIS*

**I. *RULE 56 STANDARD***

Summary judgment should be rendered if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.  *Id.; Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986) (internal quotation omitted).

---

[4] Rec. Doc. No. 1, p.2, para. VII.  Hargrave asserts that the Court has jurisdiction in this case pursuant to 28 U.S.C.A. §1333; 33 U.S.C.A. § 905(b); and 33 U.S.C.A. § 933.  *Id*. at p. 1, para. II.

[5] Rec. Doc. No. 45.

Once the party seeking the summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The showing of a genuine issue is not satisfied by creating some metaphysical doubt as to the material facts by conclusory allegations, unsubstantiated assertions, or by only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The non-moving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [that party's] favor." *Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731 (1999) (internal quotation and citation omitted) (alternation in original).

**II. *33 U.S.C.A. § 905(b)* - VESSEL NEGLIGENCE UNDER THE LONGSHORE AND HARBOR WORKER'S COMPENSATION ACT ("LHWCA")**

"The right of ship repairers, lonshoremen, and other persons covered by the LHWCA to sue a vessel owner for negligence arises

exclusively under 33 U.S.C.A. § 905(b)."[6]  *Prestenbach v. Chios Challenge Shipping & Trading*, 2005 WL 517445, at *3 (E.D. La. Feb. 24, 2005) (Africk, J.).  The seminal case addressing claims under Section 905(b) of the LHWCA is *Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981).

In *Scindia*, the United States Supreme Court outlined three duties owed to longshoremen by vessel owners: (1) the "turnover duty," which relates to the condition of the ship upon commencement of the contractor's operations; (2) the "active control duty," which requires a vessel owner to prevent injuries to longshoremen in areas remaining under the "active control" of the vessel; and (3) the "duty to intervene," which concerns the vessel's obligation in areas under the principal control of the contractor.

---

[6]Title 33, United States Code, 905(b) - Vessel Negligence - provides:

In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title, and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void.  If such person was employed by the vessel to provide stevedoring services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing stevedoring services to the vessel.  If such person was employed to provide shipbuilding, repairing, or breaking services and such person's employer was the owner, owner pro hac vice, agent, operator, or charterer of the vessel, no such action shall be permitted, in whole or in part directly or indirectly, against the injured person's employer (in any capacity, including as the vessel's owner, owner pro hac vice, agent, operator, or charterer) or against the employees of the employer.  The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred.  The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter.

33. U.S.C.A. § 905(b).
The parties do not dispute that Hargrave is an LHWCA-covered worker.

*Prestenbach*, 2005 WL 517445, at *4 (citing *Moore v. M/V Angela*, 353 F.3d 376, 380 (5th Cir. 2003)).[7]

### III. *DISCUSSION*

Blake argues that it cannot be held liable for Hargrave's injuries pursuant to Section 905(b) because Hargrave has failed to produce any evidence to establish that Blake violated its turnover duty or its duty to intervene and, as such, Blake is entitled to summary judgment.[8]  However, Hargrave contends that he need not establish that Blake violated these duties because the only *Scindia* duty implicated in this case is the active control duty.[9]

Considering the fact that Hargrave only argues that Blake violated the active control duty and Blake fails to offer any

---

[7]*Id.*

[8]*Id.*  The Court notes that, aside from simply explaining the nature of the active control duty, Blake offers no meaningful analysis of the duty and its bearing on this case.
  Blake also argues that summary judgment is warranted because Hargrave cannot establish that Blake violated any specific laws, rules, or regulations in maintaining the stairs on which Hargrave allegedly fell.  Rec. Doc. No. 52-3, p. 3.  Blake further posits that, in light of the fact that Blake's rig is a vessel subject to Coast Guard Regulations, Hargrave cannot assert a negligence *per se* claim against Blake pursuant to any other regulations, i.e., OSHA.  These arguments lack merit.
  The fact that Blake may have complied with Coast Guard regulations and other applicable laws does not prevent this Court from finding that Blake negligently maintained the stairs at issue.  *See Creppel v. Geco-Prakla,Inc.*, 1994 WL 50241, at *1 (E.D. La. Feb. 11, 1994); *see also Nicor Supp. Ships Associates, Inc. v. General Motors Corp.*, 1993 WL 262712, at *10 (E.D. La. July 7, 1993).  Further, even if Hargrave cannot assert a negligence *per se* claim pursuant to other regulations, the Court need not address this issue because Hargrave has not asserted such a claim.  Rec. Doc. No. 49, p. 19.

[9]Rec. Doc. No. 49, p. 12.  Hargrave asserts that Blake does not, nor can it, present evidence demonstrating that Blake turned over control of the rig and the stairs at issue, thereby implicating the turnover duty.  *Id*. Hargrave argues that the record evidence clearly establishes that Blake, at all times pertinent to this case, retained control of the rig and the stairs on which Hargrave allegedly sustained his injuries and, as such, the only *Scindia* duty that should be applied in this case is the active control duty.  *Id.* (citing Rec. Doc. No. 49-4, pp. 19-20 "Milton Landry Dep. pp. 76-77").

evidence or supporting argument demonstrating that the active control duty is not applicable in this case or that Blake did not violate the duty, the Court finds that Blake fails to carry its initial burden imposed by Rule 56(c) of the Federal Rules of Civil Procedure and, as such, summary judgment is not appropriate with respect to Hargrave's claim that Blake violated the active control duty.

Accordingly,

**IT IS ORDERED** that Blake's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**.

Considering the fact that plaintiff does not argue that Blake may be held liable for violation of the turnover duty or the duty to intervene, Blake's motion is **GRANTED** with respect to these duties.

Blake's motion is **DENIED** with respect to Hargrave's claims that Blake is liable pursuant to the active control duty.

New Orleans, Louisiana, February 8th, 2008.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE